IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN L. MARKIEWICZ,**

**Plaintiff,**

v.

**DONALD SNYDER, et al.,**

**Defendants.**                                                    No. 01-CV-0230-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

## I. Introduction

Pending before the Court is Plaintiff's January 5, 2009 motion to amend complaint and add additional counts and defendants (Doc. 182). Plaintiff moves the Court to amend his complaint to add additional incidents of unlawful retaliation against him since the filing of the original Complaint. On January 20, 2009, Defendants filed an opposition to the motion (Doc. 183). For various reasons, the Court **DENIES** the motion.

## II. Analysis

**Federal Rule of CIvil Procedure 15(a)(2)** provides that after a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Leave to amend "shall be freely given when justice so requires." ***Id***. Leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." ***Guise v. BWM***

*Mortgage, LLC*, **377 F.3d 795, 801 (7th Cir. 2004)**. The Court may also consider whether granting leave to amend would unduly prolong the litigation. **See *Dierson v. Chicago Car Exchange*, 110 F.3d 481, 489 (7th Cir. 1997)(district court did not abuse discretion in denying leave to amend after entry of summary judgment where proposed amendments could have been raised earlier in litigation and granting leave to amend would prolong litigation and impair "public interest in prompt resolution of legal disputes")(citations omitted).**

Here, Plaintiff seeks to add new defendants and new claims almost eight years after the filing of the original complaint (case filed on April 11, 2001); over four years after the Court held the initial Final Pretrial Conference in this matter, certified the case ready for trial and appointed attorney Mr. Joseph M. Poirer to represent Plaintiff for trial purposes only (Docs. 143 & 144); and notably, six weeks before this case is set for jury trial (February 23, 2009 at 9:00 a.m.). Further, the Court notes that Plaintiff's motion does not contain *any* case law, does not name which new defendants he wishes to add and does not identify what type of claims – another reason for denial. The motion merely seeks leave to amend his complaint and expects the Court to glean from the proposed Amended Complaint what the new allegations are and whom the new proposed defendant is.[1] Further, the proposed Amended Complaint contains general allegations against Defendant Donald Synder,

---

[1] The Court notes the proposed Amended Complaint violates the Local Rules. **LOCAL RULE 15.1** provides in part: "All new material in an amended pleading should be underlined." Defendant C/O Pender is the only name/allegation underlined in the Amended Complaint. This alone is reason for denial.

who was dismissed from this lawsuit on September 9, 2002 (Doc. 9). It does not contain any specific allegations against Synder that would warrant allowing Plaintiff to assert new claims against him. As stated previously, this case is set for trial on February 23, 2009.[2] Obviously, Plaintiff had *ample* opportunity during the pendency of this litigation to add a prayer for injunctive relief and the additional claims. Furthermore, to allow Plaintiff to add new claims and a new defendant to an almost eight year old case would unnecessarily prolong the litigation and would be prejudicial to Defendants. The Court also notes that if Plaintiff wishes to bring suit for ongoing violations of his constitutional rights he may and should do so in another action.

### III. Conclusion

Accordingly, the Court **DENIES** Plaintiff's motion to amend complaint to add additional counts and defendants (Doc. 182). The Court **REMINDS** the parties that this matter is set for jury trial on February 23, 2009 at 9:00 a.m.

Signed this 21st day of January, 2009.

/s/       David R Herndon
**Chief Judge**
**United States District Court**

---

[2] This case has been set and reset for trial on the Court's docket for almost four years. The Court has been more than patient in allowing continuances at Plaintiff's request. The Court has granted Plaintiff many continuances to allow Plaintiff's counsel to prepare for trial, to allow the parties to conduct settlement negotiations and to allow Plaintiff's counsel time to recuperate due to health concerns.